Douglas Pharr #158078
Law Office of Douglas Pharr
1700 Second Street, Suite 333
Napa, CA  94559
(707) 258-2654
(707) 258-2820 fax
dpharr@napavalleylawoffice.com

Attorney for the Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>STEVEN EUGENE JONGEWAARD<br>AKA STEVE JONGEWAARD,<br><br>MELANIE NORMAN ROMAINE-JONGEWAARD<br>AKA MELANIE NORMAN ROMAINE,<br><br>       Debtor(s).<br><br>Last 4 digits of SSN/ITIN number: 6719, 1149 | Case No.:  14-10384 AJ<br><br>CHAPTER 13<br><br>FIRST AMENDED CHAPTER 13 PLAN |

**<u>CONFIRMATION OF THIS PLAN MAY MODIFY YOUR RIGHTS AND DUTIES.</u>**

**You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney you may wish to consult one.**

**For example (but not limited to): by providing for payment of less than the full amount of your claim, by establishing the value of the collateral securing your claim and paying only that collateral amount, by providing for payment of less than the full amount of interest on your claim or by requiring you to reconvey your lien to the Debtor(s).**

**The values provided for creditors herein shall be binding unless a timely objection to confirmation is filed. Creditors cannot vote on this Plan**

FIRST AMENDED CHAPTER 13 PLAN

Case: 14-10384   Doc# 20   Filed: 06/20/14   Entered: 06/20/14 17:13:11   Page 1 of 10

**however creditors may object to this Plan being confirmed as long as such objection is properly and timely filed and served.**

**Holders of unsecured claims must timely file proofs of claim or they will not be paid any amount. Confirmation of this plan may result in the debtor being eligible to receive a discharge pursuant to 11 U.S.C. § 1328.**

The Debtor or Debtors (hereinafter called "Debtor") proposes the following Chapter 13 Plan (hereinafter called "Plan") effective upon confirmation of the Plan:

SECTION 1. PLAN PAYMENTS AND COMMITMENT PERIOD

1.1     The future earnings of Debtor shall be submitted to the supervision and control of the Chapter 13 Trustee (hereinafter called "Trustee") as is necessary for execution of the Plan. The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier, and continue monthly on the same day until confirmation. The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed.  A post-confirmation payment shall not be due in the same month that a pre-confirmation payment was made. Debtor shall pay to the Trustee the payment schedule as set forth below:

| Monthly payment amount | Number of payments |
|---|---|
| 1. $300 | 24 |
| 2. $86,000 (see section 6.1.1) | 1 |
| 3. $300 | 35 |

1.2     The Plan period shall consist of 60 months.

1.3     In addition to the above payment schedule, Debtor will make payment derived from property of the bankruptcy estate, property of the Debtor, or from other sources, as follows:

      1.3.1 None

SECTION 2. CLAIMS AND EXPENSES

PROOFS OF CLAIM

2.1      A proof of claim must be timely filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this Plan.

2.2     Post-petition amounts on domestic support obligations which come due after the filing of the petition and payments on loans from retirement or thrift savings plans of the type described in section 362(b)(19), and executory contracts and unexpired leases to be

assumed shall be paid by the Debtor directly to the person or entity entitled to receive such payments whether or not a proof of claim is filed or the Plan is confirmed.

2.3    If this Plan provides for a cure of default on a Class 1 or Class 5 claim, the amount required to be paid to cure that default shall be the amount stated on the Class 1 or Class 5 claimant's proof of claim unless otherwise determined by the Court or agreed upon by the parties.

ADMINISTRATIVE EXPENSES

2.4    Trustee's fees. Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of Plan payments, whether made before or after confirmation, as established by the United States Trustee.

2.5    Administrative expenses. Except to the extent the court approves and the claimant agrees to a different treatment, and unless section 1326(b)(3)(B) is applicable, administrative expenses shall be paid in full through the Plan.

2.6    Debtor's attorney fees. Debtor paid $2200 in attorney fees for this bankruptcy case prior to the filing of the petition. The balance of fees and costs in the sum of $2800 shall be paid at the rate of $280 per month.

If this monthly payment exceeds the monthly Plan payment, or if the monthly Plan payment is not great enough to pay this amount when factoring in pre-confirmation adequate protection payments or dividends specified in this Plan, then it shall be paid as a pro-rata payment. If the attorney fee payment specified above does not result in full payment of the outstanding attorney fees, the remainder shall be paid pro-rata over the life of the Plan. Confirmation of this Plan shall constitute a finding that the requested attorney fees are reasonable and approved.

2.7    Fees of a former chapter 7 trustee. Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the length of the Plan, each month for the duration of the Plan.

SECURED CLAIMS

2.8    CLASS 1. **Secured claims modified by this Plan, that are in default or that have matured**. Each Class 1 claim will retain its existing lien, and receive a dividend as specified below. The amount of a Class 1 claim shall be the amount due under any contract between Debtor and the claimant under applicable non-bankruptcy law or, if 11 U.S.C. § 506(a) is applicable, the value of the collateral securing the claim after accounting for higher priority secured claims on the collateral. **If 11 U.S.C. § 506(a) is applicable, the lesser of the claim amount or the value of the collateral (minus senior liens) shall be paid.**

Debtor is the owner of the property serving as collateral, is aware of its condition, is informed, and believes that its value is as set forth below under "Value of Collateral". The Debtor seeks a determination that the value of the collateral is as set forth below. **Failure to object to this listed amount shown may result in the creditor's secured claim being limited to the collateral value amount listed below.**

To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. § 506(a), that portion of the claim which is unsecured shall be provided for as a class 6 claim under this Plan.

Unless the court orders otherwise, pursuant to an appropriate motion or pleading seeking a determination concerning the sufficiency of payments received under the Plan, an order granting a discharge in this case shall be a determination that all prepetition defaults with respect to Debtor's account have been cured. Any willful failure of a secured creditor or its servicer to credit payments in the manner required by this Plan, or any act by a secured creditor or its servicer following the entry of discharge to charge or collect any amounts based upon any event occurring before or during this case that were not authorized by this Plan or approved by the bankruptcy court after proper notice shall be a violation of 11 U.S.C. § 524(a)(2) and (i).

Creditors holding fully or partially unsecured liens shall retain their liens except as specified in paragraph 2.9. To the extent that the allowed secured claim treated by this section is paid during this case or thereafter, such creditors' liens shall be reduced. A creditor holding a lien against property of the Debtor shall promptly mark satisfied and release any lien securing the claim upon the earlier of the payment of the claim determined under non-bankruptcy law or, if the claim is treated by § 506(a) with the Plan paying the below listed value of the creditor's collateral, the Debtor's discharge under section 1328, whichever is earlier.

Before confirmation, Trustee shall disburse the specified adequate protection payment in connection with his customary disbursement cycle beginning the month after the petition is filed. A claimant shall not receive a monthly dividend in the same month as disbursement of a pre-confirmation adequate protection payment. **Creditors must file a proof of claim to receive payment from the Trustee.**

| Secured creditor's name/ Collateral description | Is claim subject to § 506(a)? Y/N | If § 506(a) No Claim amount or arrears amount If § 506(a) Yes Value of collateral | Post-petition interest rate 0% if blank | Pre-confirmation adequate protection payment None if blank | Monthly dividend Prorata if blank |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| | | | | | |
|---|---|---|---|---|---|
| 1. Creditor: AMERICAN EXPRESS, FSB (JUDGMENT LIEN)<br>Collateral: UNEXEMPT PROPERTY AND RIGHTS OF DEBTORS IN NAPA COUNTY | N | $31,626.11<br>CLAIM AMOUNT | | | |
| 2. Creditor: DISCOVER BANK (JUDGMENT LIEN)<br>Collateral: UNEXEMPT PROPERTY AND RIGHTS OF DEBTORS IN NAPA COUNTY | N | $5800<br>CLAIM AMOUNT<br>(estimated) | | | |
| 3. Creditor: NATIONSTAR MORTGAGE, LLC<br>Collateral: 1121 WESTVIEW DR., NAPA, CA, 94558 | N | $3959.79<br>ARREARS | | | |

2.9  CLASS 2. **Secured claims subject to a motion or adversary proceeding to value and/or avoid their lien**. The Debtor has filed, or will file, a motion or adversary proceeding (AP) requesting an order/judgment to value and/or avoid the following liens of the below listed secured creditors where the lien impairs an exemption to which the Debtor is entitled or where the Debtor is claiming that the lien is wholly unsecured in that the value of the security is less than the balance of higher priority unavoidable liens.

No payment will be made to a Creditor affected by this section as a secured subordinate lien holder while the motion or AP is pending.

If the court determines the subordinate lien held by the affected Creditor is unsecured within the meaning of 11 U.S.C. § 506, the lien shall be dealt with as provided in the court's GUIDELINES FOR VALUING AND AVOIDING LIENS IN INDIVIDUAL CHAPTER 11 CASES AND CHAPTER 13 CASES. If the motion or AP filed pursuant to this section is denied, the Debtor shall promptly, but no more than fourteen (14) days from the Notice of Entry denying the motion or AP, amend the Plan to provide for appropriate treatment of the affected lien, consistent with the subject order or judgment.

If the Debtor fails to timely file an amended Plan as provided for above, the affected Creditor or the Trustee may file a Motion to Dismiss for failure to prosecute the case or the affected Creditor may file a Motion for Relief from Stay. The Plan shall not be confirmed until the court enters its order/judgment regarding the motion/AP.

Upon issuance of an order or judgment avoiding a secured creditor's lien and satisfaction of any requirements in that order or judgment to complete the avoidance, the affected

secured creditor, or any successor in interest, shall promptly record and deliver a full reconveyance of the affected lien to Debtor.

| Name of secured creditor subject to motion or AP to value and/or avoid their lien/ Collateral description |
|---|
| 1. NONE |
|  |

2.10    CLASS 3. **Secured claims satisfied by the surrender of collateral**. Debtor shall surrender the following collateral. A secured creditor whose collateral is surrendered shall have their secured claim deemed satisfied in full through surrender of collateral.

| Name of secured creditor satisfied by surrendered collateral/ Collateral description |
|---|
| 1. Creditor: VILLA DEL PALMAR<br>Collateral: TIMESHARE INTEREST |
| 2. |

2.11    CLASS 4. **Secured claims paid directly by Debtor or a third party**. Class 4 claims are not in default or if in default constitute real property secured claims for which the arrearage is paid as a Class 1 claim and are not modified by this Plan except in conjunction with Class 1 treatment.

The Debtor or a third party shall make contractual installments as they fall due, according to the contractual terms, whether or not the Plan is confirmed. If post-petition payments are made in a timely manner, including any grace period, under the terms of the note, they shall be applied and credited without penalty and as if no prepetition default existed on the petition date in the order of priority specified in the security agreement and applicable non-bankruptcy law.

The monthly payment reflected below may be a monthly average of the expense where the expense is contractually due other than monthly. The monthly payment may also be affected by a variable interest rate or other contractual term that may vary the payment. The entered payment amount is Debtor's best current estimate as to the payment amount.

| Name of secured creditor paid directly / Collateral description | Monthly payment |
|---|---|
| 1. Creditor: NATIONSTAR MORTGAGE, LLC<br>Collateral: 1121 WESTVIEW DR., NAPA, CA, 94558 | $4470 |
| 2. Creditor: TAX COLLECTOR OF NAPA COUNTY<br>Collateral: 1121 WESTVIEW DR., NAPA, CA, 94558 | *INCLUDED IN #1 (ESCROW/IMPOUNDS) |

6

FIRST AMENDED CHAPTER 13 PLAN

Case: 14-10384    Doc# 20    Filed: 06/20/14    Entered: 06/20/14 17:13:11    Page 6 of 10

| 3. Creditor: TOYOTA MOTOR CREDIT | $548 |
|---|---|
| Collateral: 2012 TOYOTA CAMRY XLE | |

UNSECURED CLAIMS

2.12    CLASS 5. **Unsecured priority claims**. The Trustee shall pay all allowed filed priority claims and will pay allowed filed priority domestic support arrears prior to paying any other priority claim. Payment of these claims shall be prorata unless otherwise specified.

| Priority creditor's name | Type of priority | Claim amount |
|---|---|---|
| 1. None | | |
| 2. | | |

List the names of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A).

| Name of holder of domestic support obligation | Pre-petition arrears amount | Regular payment | Arrears Plan payment (prorata if blank) |
|---|---|---|---|
| 1. None | | | |

2.13    CLASS 6. **General non-priority unsecured claims**. Allowed non-priority unsecured claims shall be paid from the funds remaining after payment of the debts described (whether or not paid in full with interest) under Class 1, Class 5 and Class 8 as follows:

☐    The estimated sum of $0 shared prorata between the allowed claims.

☒    An estimated 25% of the allowed claims.

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The estimated percentage distribution to general non-priority unsecured creditors in Chapter 7 is 24% OR LESS.

2.14    CLASS 7. **Special unsecured claims**. This class includes unsecured claims, such as co-signed unsecured debts or student loans, which will be paid in full directly by the Debtor and/or a third party even though not all other unsecured claims may be paid in full.

| Special unsecured creditor's name | Reason for special treatment | Claim amount |
|---|---|---|
| 1. None | | |

2.15  CLASS 8. **Amounts necessary for the payment of post-petition claims under 11 U.S.C. § 1305**. Pursuant to 11 U.S.C. § 1305, this class includes claims for taxes becoming payable after the commencement of this bankruptcy case and claims against Debtor for property or services as necessary for performance under the Plan.

| Creditor's name | Specify tax claim or necessary consumer debt | Claim amount |
|---|---|---|
| 1. None | | |

SECTION 3. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

3.1  Debtor assumes the executory contracts and unexpired leases listed below. Debtor and/or a third party shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Any pre-petition arrears shall be paid as either a Class 1 or a Class 6 claim as listed below. Arrears shall be paid on a pro-rata basis.

Confirmation of this Plan shall constitute a judicial finding that any lease listed below is assumable by Debtor and shall constitute judicial approval of the assumption of the lease by Debtor. Pursuant to 11 U.S.C. § 1322(b)(3), the past defaults of Debtor under Debtor's lease listed below are waived. Such defaults as may exist shall be cured by the payments under this Plan. Confirmation of this Plan shall constitute a judicial finding that any Lessor listed below has not suffered any actual pecuniary loss from Debtor's default under the lease other than the default itself which is being cured under this Plan. Confirmation of this Plan shall constitute a finding that Debtor's continued possession of premises subject to any lease listed below is essential for the success of the Plan and without it the Plan would fail and no claim would be paid in full.

3.2  **Any executory contract or unexpired lease not listed in the table below is rejected**. An allowed rejected claim will be treated as Class 6.

| Creditor/Lessor Name | Pre-petition arrears | Regular payment | Arrears paid as class 1 or 6? |
|---|---|---|---|
| 1. AMERICAN HONDA FINANCE: 2012 ACURA MDX LEASED TO THE DEBTORS | NONE | $572 | N/A |

SECTION 4. PAYMENT OF CLAIMS AND ORDER OF PAYMENT

8

FIRST AMENDED CHAPTER 13 PLAN

4.1	After confirmation of this Plan, funds available for distribution will be paid monthly by the Trustee to holders of allowed claims and approved expenses in the order provided for by this Plan.

4.2	**Distribution of Plan payments**. From the monthly Plan payment, Trustee shall pay Trustee's fees, administrative expenses, the monthly amount specified above for each Class 1 secured claim, Class 5 priority claims and Class 8 claims until they are paid in full then to holders of Class 6 unsecured claims as specified in paragraph 2.13.

SECTION 5. MISCELLANEOUS PROVISIONS

5.1	**Vesting of property**. Any property of the estate scheduled under section 521 shall revest in Debtor on confirmation. Except as otherwise provided, property of the estate and property that vests in the Debtor upon confirmation shall remain in the sole possession and control of the Debtor, with the Debtor also having the sole right to possession and control, and the Trustee shall have no liability arising out of the property or its retention or use by the Debtor.

5.2	**Sale or encumbrance of property**. The Debtor may purchase, sell or otherwise encumber real or personal property, or otherwise incur debt in the ordinary course of business and as necessary to support the Debtor's household without further court order and without notice to creditors upon approval of the Chapter 13 Trustee. Debtor is not required to obtain approval from the Chapter 13 Trustee for transactions involving $15,000 or less of debt, encumbrance and/or property or for approval for transactions in the regular course of Debtor's financial or business affairs or for medical emergencies.

5.3	**Cosigners**. By failing to object to this Plan, or any modification or amendment thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

5.4	**Best efforts**. Confirmation of this Plan shall constitute a finding that Debtor is curing secured defaults within a reasonable period of time and that the Plan constitutes the Debtor's best effort, under all the circumstances, to pay their creditors within the meaning of 11 U.S.C. § 727.

5.5	**Good faith and compliance with bankruptcy code**. Confirmation of this Plan shall constitute a finding that the Plan complies with the provisions of Chapter 13 and all other applicable provisions of the Bankruptcy Code. Furthermore, confirmation of this Plan shall constitute a finding that the Plan is proposed in good faith and not by any means forbidden by law.

5.6	**Plan periods extending beyond three years**. Confirmation of this Plan shall constitute, if applicable, a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the Plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is determined to be essential to the success of the Plan.

5.7    **[DELETED]**

5.8    **Default on utility entitled to adequate assurance**. If the Debtors default after filing of the petition, on any payment to a utility entitled to adequate assurance under 11 U.S.C. § 366, then that debt shall, upon application of said utility, become a class 5 claim under this Plan. This priority shall be deemed adequate assurance of the utility's future payments.

5.9    **Actions inconsistent with the Plan**. Confirmation of this Plan shall constitute an order enjoining all creditors bound by this Plan from taking any action inconsistent with this Plan.

5.10   **Determinations of Dischargeability.** Notwithstanding any contrary language elsewhere in the Plan, Debtor does not seek through the confirmation and consummation of this Plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable in a Chapter 13 case pursuant to section 1328 of the Bankruptcy Code.


SECTION 6. ADDITIONAL PROVISIONS

6.1    The Debtor further proposes pursuant to 11 USC § 1322(b):

      6.1.1 Debtor shall sell the home (1121 WESTVIEW DR., NAPA, CA, 94558) within 24 months of the filing of this case. This sale will fund the payment in month 25 of this Plan. If the home is sold earlier, the month 25 payment will be moved up to the month after the applicable funds are released from escrow. All distributions from escrow must be approved by the Trustee prior to distribution.


Dated: June 20, 2014                    /s/ Douglas Pharr for the Debtor(s)
                                                         Douglas Pharr, Attorney for the Debtor(s)